# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYED NASER NOORI,<br><br>　　　　　　　Petitioner,<br>　　v.<br>CHRISTOPHER LAROSE, *et al.*,<br><br>　　　　　　　Respondents. | Case No.: 25-cv-1824-GPC-MSB<br><br>**ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

　　　On July 17, 2025, Petitioner Sayed Naser Noori ("Petitioner"), an asylum seeker and detainee at the Otay Mesa Detention Center under the custody of the U.S. Department of Homeland Security ("DHS") pursuant to an expedited order of removal, filed a petition for writ of habeas corpus, naming the Warden of the Otay Mesa Detention Center, Immigration and Customs Enforcement and Removal Operations ("ICE")'s Field Office Director for the San Diego Field Office, and several other individual agency officials as respondents ("Respondents"). ECF No. 1. On August 29, 2025, Respondents filed a return in opposition to the habeas petition. ECF No. 9. Petitioner filed a reply on September 4, 2025. ECF No. 10. A hearing on the petition was held on September 25, 2025. ECF No. 13.

　　　The Petitioner has requested the Court to 1) grant the instant petition for a writ of habeas corpus, 2) declare the Petitioner's detention violates the Due Process Clause, 3) declare application of the January 2025 Designation to Petitioner illegal, 4) issue an

order prohibiting the Respondents from transferring Petitioner from the district without the Court's approval, and 5) award Petitioner attorney's fees and costs under the Equal Access to Justice Act and on any other basis justified under law.

Based on the pleadings and the arguments presented at the hearing and considering Petitioner's current detainment, the Court declares the Petitioner's detention violates the Due Process Clause, **GRANTS** in part the Petition, and **ORDERS** the release of petitioner, returning him to his original parole conditions and procedures set forth in the Notice to Appear (Form I-862) served on Petitioner on July 6, 2024. ECF No. 9-1 at 6-8. The Court will supply a full written Opinion and Order explaining the Court's analysis and legal basis by **Friday, October 3, 2025**. However, the Court provides the following summarized findings at this time:

1. Petitioner could not have been legally subjected to and detained under expedited removal proceedings on June 12, 2025 because his original 240 proceedings had not yet been dismissed and were still pending at the time of his detainment.
2. The Government revoked Petitioner's parole without notifying him, providing him reasoning for the revocation, or giving him an opportunity to be heard, denying Petitioner of his due process rights.
3. Petitioner's parole was revoked without an individualized determination or provided reasoning, which violated the APA.
4. Petitioner's parole was categorized as DT, a type of humanitarian parole, and as established by 8 C.F.R. § 212.5(e)(2)(i), revocation of that parole requires written notice of termination, which Petitioner was not provided.

Based on those findings, the Court **GRANTS** in part the Petition for Writ of Habeas Corpus and **ORDERS** Respondents to immediately release Petitioner from custody and returning him to his original parole conditions. Further, in aid of the Court's jurisdiction, which is hereby retained, the Court **ORDERS** pursuant to the All Writs Act, 28 U.S.C. § 1651, that Respondents shall not cause Petitioner to be re-

detained during the pendency of his removal proceedings without prior leave of this Court.

**IT SO ORDERED.**

Dated:  September 26, 2025

Hon. Gonzalo P. Curiel
United States District Judge